IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STELLA KHACHATURAYAN,

    Plaintiff,　　　　　　　　　　No. CIV S-04-0841 CMK

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.　　　　　　　　　　ORDER
_____/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross motion for summary judgment.

I. <u>Factual and Procedural Background</u>

In a decision dated December 17, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) &

1

Council denied plaintiff's request for review. The ALJ found the plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; the plaintiff's low back pain with radicular symptoms and mid thoracic back are considered severe; plaintiff's medically determinable impairments do not meet or equal one of the listed impairments in Appendix 1; plaintiff's allegations are not totally credible; the plaintiff residual functional capacity to perform the full range of light work; plaintiff has no manipulative, visual, communicative, mental or other environmental limitations; the plaintiff has no past relevant work; the plaintiff is a younger individual; the plaintiff has more than a highschool education; and the plaintiff is not disabled. Administrative Transcript ("AT") 21-22.

Plaintiff contends that the ALJ erred by not giving controlling weight to her treating doctor's opinion.

///

---

1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

## II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. Analysis

### Physicians' Opinions

Plaintiff contends that the ALJ failed to give controlling weight to the opinion of Dr. Forrester, plaintiff's treating physician.

In part, the weight given to medical opinions depends on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d

3

821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. If the contradicting opinion comes from a non-treating physician and is based on objective clinical tests, it must be viewed as substantial evidence. Magallanes, 881 F.2d at 751.

Here, Dr. Forrester opined that plaintiff retained the residual functional capacity to perform less than a full range of sedentary work. (AT 84.) Dr. Forrester concluded further that plaintiff, due to her back pain, was unable to work an eight-hour day for five days a week. (Id.) The basis for Dr. Forrester's opinion was plaintiff's clinical history and x-rays. (AT 82.) Dr. Forrester did not expect plaintiff's condition to improve. (AT 84.)

By contrast, Dr. Wiggers, a consultative examiner, found plaintiff able to walk or stand for approximately six hours in a eight-hour workday. (AT 119.) Dr. Wiggers also found that the plaintiff able to sit for six hours with regularly scheduled breaks and position changes.

1  (Id.) Dr. Wiggers' findings demonstrated that the plaintiff could perform light work.  As
2  previously stated, where there is a conflict, it is solely the province of the ALJ to resolve the
3  conflict in the evidence.  See Andrews, 53 F.3d at 1041.
4          Moreover, the ALJ gave "very minimal weight" to Dr. Forrester's findings.  (AT
5  18.)  The ALJ reasoned that Dr. Forrester's assessment of the plaintiff was not supported by
6  clinical findings, the plaintiff's x-rays, Dr. Wiggers' assessment, and the state agency's
7  determination that plaintiff could perform light work.  (Id.)
8          Plaintiff asserts that the ALJ should not have relied on Dr. Wiggers' opinion
9  because Dr. Wiggers did not review the most recent reports regarding plaintiff's conditions.
10 These recent reports do not indicate a significant change in the plaintiff's condition.
11 Furthermore, no x-rays or radiology report documented change in the plaintiff's condition.
12 Plaintiff's negative straight leg test has remained the same.  Plaintiff's treatment plan has not
13 been altered.  Therefore, the ALJ properly relied on Dr. Wiggers' report.
14         The ALJ's decision is fully supported by substantial evidence in the record and
15 based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
16         1. Plaintiff's motion for summary judgment or remand is denied, and
17         2. The Commissioner's cross motion for summary judgment is granted.
18 DATED:  June 23, 2005.

                                  _____
                                  **CRAIG M. KELLISON**
                                  UNITED STATES MAGISTRATE JUDGE